HIGGINS, Justice
 

 (dissenting).
 

 The indictment upon which the accused was tried and convicted in this case was unquestionably a legal indictment. There is no pretense that the original indictment was not properly endorsed and signed by the foreman of the Grand Jury. The defendant did not make any attack whatsoever upon the indictment in the district court, although he reserved numerous other bills of exception during the course of the trial. When the clerk of the district court prepared the transcript, he erroneously, through typographical error, omitted to copy on the reverse side of the indictment the endorsement and signature of the foreman of the Grand Jury. When the defendant’s' attorneys prepared their voluminous brief for this Court, one of the assignments of error was that the copy of the indictment in the transcript did not show that it had been properly endorsed and signed by the foreman of the Grand Jury. During the course of the argument of the case in this Court, counsel for the defendant did not in any way mention or refer to this particular assignment of error and no point with reference thereto was made. Therefore, the district attorney’s attention was not called to this particular assignment of error in the argument here, and, consequently, no occasion arose for him to point out that this was merely a stenographic error in copying the original indictment. Our original opinion is based upon this particular assignment of error. We did not afford the State an opportunity to show that this was a mere typographical error or omission from the record. The district attorney and the Attorney-General filed an application for a rehearing and annexed thereto the original indictment which plainly and clearly shows that it was properly endorsed and signed by the foreman of the Grand Jury. The defendant did not oppose the application for a rehearing or in any way contradict the accuracy or truthfulness of the statement that the indictment was properly endorsed. We granted a rehearing.
 

 When the case was reargued; counsel for the defendant, in their argument and in their brief, made the point that the State, having elected to stand upon the record as originally presented, could not, on an application for rehearing, ask the court to correct the omission from the record so as
 
 *274
 

 to
 
 make it conform with the original indictment. The district attorney, in his oral argument, as well as in his brief, stated to the court that he had overlooked this particular assignment of error probably .due to the fact that the indictment had in no way been attacked or questioned in the district court and that his attention was focused upon the bills of exception which had been reserved.
 

 Under the above circumstances and facts of this case, it can not be said that the State elected to stand upon the record with this obscure typographical omission, especially as it appears that the district attorney’s and this court’s attention was not called to the fact in the oral argument by counsel for the defendant. The district attorney reasonably explained why he overlooked this particular assignment of error of the many assigned by the defendant in this case. No point having been made with reference to the invalidity of the indictment in the district court on the ground that it was not properly endorsed and signed by the foreman of the Grand Jury, it is obvious that the attention of the clerk in preparing the transcript was not directed on that point and, therefore, the reason for the typographical omission.
 

 It is my view that both the State and the accused should be held to reasonable requirements in having a true and correct transcript of the record made up in the district court, but, in the instant case, it is clear that the omission was purely a typographical one as now appears from the original indictment which has been placed before this Court in connection with the application for the rehearing. Certainly, under these circumstances, the defendant has not suffered any loss of a substantial right for the reason that the indictment was valid. He seeks to take advantage of a mere technicality to annul the verdict of the jury and the sentence of the court.
 

 The modern trend of our legislation and jurisprudence with reference to the administration of criminal law is to prevent an accused from defeating justice by pleading technicalities that are not in any way harmful or prejudicial to his rights. Code of Criminal Procedure, Article 557. It is obvious to me that a technicality without the slightest foundation in truth or in fact is here permitted to thwart justice. The Court has before it the original indictment which unquestionably demonstrates that the accused was not tried on any faulty or irregular indictment and, therefore, it certainly cannot be said that he was in any way prejudiced in that respect.
 

 In connection with the motion for a new trial, the defendant tendered certain newly discovered evidence, but the trial judge refused to hear or consider this evidence and overruled the motion and the defendant reserved a bill of exception.
 

 I am of the opinion that the defendant’s attorney made a proper showing that this was newly discovered evidence and that our learned brother below fell into error in depriving the defendant of the opportunity of presenting that evidence to the Court. It is, therefore, my conclusion that the judgment of the district court overruling the defendant’s motion for a new trial should be set aside and the case ordered
 
 *275
 
 remanded to the district court for a new trial on the motion therefor, in order that the newly discovered evidence may be placed before the court for its consideration.
 

 For these reasons, I respectfully dissent.